IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE LOU,

    Plaintiff,

  v.

MA LABORATORIES, INC., et al.,

    Defendants.

                                 /

No. C 12-05409 WHA

**ORDER EXTENDING DEADLINES ON MOTION TO COMPEL ARBITRATION AND REFERRING ALL DISCOVERY DISPUTES TO A RANDOMLY-ASSIGNED MAGISTRATE JUDGE**

      Following review of defendants' equivocating responses to the request for confirmation whether defendants will participate in discovery, additional guidance is in order. At the January 17 case management conference, defendants requested a stay of discovery in favor of their then-unfiled motion to compel arbitration. The request was denied. Despite this denial, defendants still believe that it is appropriate to resist plaintiff's attempts to seek class-related discovery from defendants. They are mistaken. Full discovery will move forward, particularly in light of the June 6 deadline for plaintiff's motion for class certification. Defendants are advised to cooperate in this discovery. Because defendants have already filed their motion compel, doing so will not be construed as an implicit waiver of arbitration under *Van Ness Townhouses v. Mar Industries Corp.*, 862 F.2d 754, 759 (9th Cit. 1988). The renewed request of certain defendants for a stay is discovery (Dkt. No. 38) is **DENIED**.

      Plaintiff's request for an extension of deadlines related to the motion to compel arbitration is **GRANTED** to the following extent in order to provide additional time for discovery

related to the arbitration motion: plaintiff's opposition to the motion to compel arbitration will be due by **MARCH 28 AT NOON**; any reply thereto will be due by **APRIL 4 AT NOON**; the motion will be heard on **APRIL 18 AT 8:00 A.M.** This extension should not be interpreted as a *de facto* stay of other discovery during the same time period. Plaintiff's request for leave to file a reply in support of the extension motion is **DENIED**.

        This matter is **REFERRED** to a randomly-assigned magistrate judge for resolution of all future discovery disputes. The parties must be mindful of the case management deadlines and bring all discovery disputes to the magistrate judge's attention in a timely manner. The magistrate judge is requested to assist the Court in adhering to the case management schedule by issuing timely rulings on the parties' discovery disputes.

**IT IS SO ORDERED.**

Dated: February 11, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE