1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                  NORTHERN DISTRICT OF CALIFORNIA

8                      SAN FRANCISCO DIVISION

9

10   MICHELLE LOU, and others,              Case No. 12-cv-05409 WHA (NC)

11              Plaintiffs,                 **ORDER GRANTING PLAINTIFFS'
                                            REQUEST TO COMPEL
12        v.                                DISCLOSURE OF PUTATIVE CLASS
                                            MEMBERS AND  RESPONSES TO
13   MA LABORATORIES, INC., and others,     DISCOVERY**

14              Defendants.                 Re: Dkt. Nos. 61, 63

15

16          This discovery dispute arises from defendants' stonewalling of discovery in this

17   wage-and-hour class action.  The Court perceives that the defendants do not wish to

18   participate in discovery because they filed a motion to compel arbitration.  The motion to

19   compel arbitration is pending before District Court Judge William H. Alsup.  Judge Alsup,

20   however, was precise in his "Order Regarding Participation in Discovery" issued February

21   6, 2013.  Dkt. No. 35.  Plaintiff is entitled to "reasonable discovery" on the issues raised in

22   the motion to compel arbitration.  Defendants' "stonewalling, if it persists, will be a

23   legitimate basis to deny the motion to compel arbitration in full."  *Id.*

24          Defendants' reluctance to engage in discovery has continued since Judge Alsup

25   referred discovery to the undersigned Magistrate Judge.  On March 13, 2013, the Court held

26   a hearing to address discovery objections raised by the defendants.  After considering

27   briefing from all parties, the Court held a further discovery hearing on March 27.  At the

28   hearing, defendants decried the burden of the proposed discovery and proposed a protective

order restricting use of the discovery.  As explained at the hearing, the Court will GRANT a protective order as modified to prevent any improper solicitation of class members by plaintiffs' counsel.  Plaintiffs must file the revised protective order by March 29.

The Court also GRANTS plaintiffs' motion to compel the production of documents and information from defendants.  In sum, the Court is not persuaded by the defendants' asserted burdens and is not impressed by the defendants' lack of discovery diligence since Judge Alsup's February 6 discovery order.  Accordingly, the Court orders defendants to produce the following documents and information.

**A.    Class Members' Names and Contact Information**

The Court GRANTS plaintiffs' motion to compel disclosure of the names and contact information of the putative class members.  The Court finds unpersuasive defendants' unsubstantiated allegations of improper solicitation of class members by plaintiffs' counsel. Counsel for defendants represented that declarations and evidence of improper solicitations would soon be ready to substantiate defendants' claims, but could not explain why defendants have not already brought such evidence to the attention of the Court.  If such allegations are true, defendants will have the opportunity to raise the issue, with briefing and factual evidence, to Judge Alsup in connection with class certification.

**B.    Personnel and Payroll Data**

In addition to the arbitration agreements the Court ordered defendants to produce on March 13, 2013, *see* dkt. no. 50, plaintiffs seek discovery relevant to defending defendants' motion to compel arbitration, such as immigration documentation for the class members, *see* dkt. no. 48, as well as time and payroll records, *see* dkt. no. 63.  Defendants have asserted that producing such discovery would be an undue burden.  They submitted eight declarations, from Ma Labs employees and a computer forensics consultant, to attest to the difficulty in retrieving personnel data from within Ma Labs' systems.  In sum, the declarations state that Ma Labs has an inefficient way of documenting personnel and payroll data and that all documentation is either in email form or must be captured with a screen shot from the company's intranet.  *See generally* Dkt. Nos. 53, 54, 58-1, 59-1.  The result,

defendants argue, is that looking for information related to an employee's hours worked or overtime paid will be immensely expensive, and in the words of defense counsel, "impossible."

"A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The Court finds that the burden defendants claim excuses them from producing such documents is of their own making, and thus not compelling. First, defendants are the master of their own record keeping. As other courts have noted, "[t]he fact that a corporation has an unwieldy record keeping system which requires it to incur heavy expenditures of time and effort to produce requested documents is an insufficient reason to prevent disclosure of otherwise discoverable information." *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 611 (D. Neb. 2001); *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976) ("To allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules."). Second, had defendants taken class discovery seriously from the outset, they would not have had to produce as much information in such a relatively short timeframe, thus also reducing their burden. Defendants failed to help themselves again at the March 27 hearing, when the Court asked for, and defense counsel did not give, a proposed timeframe for production that would be workable for defendants.

The Court ORDERS defendants to produce as follows:

1.      By April 1, 2013, defendants must produce all responsive documents that have been gathered already and all documents from sources that they do not claim impose a burden.

2.      Beginning immediately, with completion by April 18, 2013, defendants must produce the categories of ESI at issue in defendants' declarations (phone call

1  logs, sales data, payroll and timekeeping data, commission and SPF data, and

2  the email data of the account managers, human resources staff, and sales and

3  branch managers relevant to these categories of employee information).

4  3.  Also by April 18, 2013, defendants must file and serve a declaration, under

5  penalty of perjury, verifying that they have complied with this order.

6  The Court defers consideration of an award of sanctions against defendants and their

7  counsel until after April 18, 2013.  Any party may object to this order within fourteen days.

8  Fed. R. Civ. P. 72(a).

9  IT IS SO ORDERED.

10  Date: March 28, 2013  _____

11  Nathanael M. Cousins
   United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28