1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8                      SAN FRANCISCO DIVISION

9

10   MICHELLE LOU, and others,              Case No. 12-cv-05409 WHA (NC)

11            Plaintiffs,                   **ORDER DENYING MA LABS'**
                                            **MOTION FOR RECONSIDERATION**
12        v.
                                            Re: Dkt. No. 75
13   MA LABORATORIES, INC., and others,

14            Defendants.

15

16        Defendant Ma Laboratories filed a "limited objection and request for guidance and

17   clarification" in response to this Court's March 28, 2013 discovery order.  Ma Labs seeks to

18   clarify what the Court meant by "email data," but in the same breath, asserts that it cannot

19   produce all materials requested by plaintiffs due to the limitations of its email archiver.

20        Neither the Federal Rules of Civil Procedure nor the Civil Local Rules provide for a

21   motion for clarification.  *See United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164,

22   168 (D.D.C. 2011) ("[T]here is no Federal Rule of Civil Procedure specifically governing

23   "motions for clarification.").  A number of courts have interpreted a "motion for

24   clarification" after the issuance of an order as a motion for relief from a judgment or order

25   under Federal Rule of Civil Procedure 60.  *See, e.g.*, *In re Int'l Fibercom, Inc.*, 503 F.3d

26   933, 938 (9th Cir. 2007) (affirming bankruptcy court's analysis of motion to clarify after

27   summary judgment order under Rule 60(b)); *Napoli v. Town of New Windsor*, 600 F.3d 168,

28   170 (2d Cir. 2010) (affirming district court's construing plaintiff's request for clarification

as a motion under Rule 60 of the Federal Rules of Civil Procedure); *In re Walter*, 282 F.3d 434, 439 (6th Cir. 2002) (holding that party's "Motion to Clarify" was more properly analyzed under Rule 60(a) instead of Rule 60(b)).

In conjunction with the Federal Rules, the Northern District Civil Local Rules state that a party may, with leave of the Court, file a motion for reconsideration of any interlocutory order. Civil L.R. 7-9(a). The moving party must show (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists," about which the party applying for reconsideration did not know at the time of the order, and which warrants reconsideration; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments." Civil L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the Court. Civil L.R. 7-9(c).

In its March 28, 2013 order compelling production, this Court found Ma Labs' undue burden argument unpersuasive and ordered Ma Labs to produce the discovery plaintiffs requested. The Court referred to "email data" in the order because Ma Labs had submitted declarations in support of its argument stating that production would be burdensome due to its unwieldy method of keeping track of personnel data via email. *See, e.g.*, Dkt. No. 59-1 ¶¶ 5-7 ("Work schedule[] . . . modifications . . . made on a Branch basis . . . would typically be transmitted by email . . . . In order to identify . . . changes it would be necessary to search the email of the individual branch managers and H/R Accounting staff in each Branch." "[I]ndividualized schedule changes for particular employees . . . would typically be in the form of emails between the Account Manager, their supervisor and sales director." "Prior to [mid-2008] . . . we did not keep any centralized collection of . . . matters [pertaining to regulatory matters involving wage and hour issues] or documents pertaining to them. [T]o locate documents pertaining to such issues . . . [we] would have to go through the e-mails of the HR staff who may have handled those matters."); Dkt. No. 54-2 ¶¶ 3-5 ("[t]o locate records for [litigation it was involved in, claims made against it, or regulatory issues, including wage and hour matters] . . . would involve going back through the records,

primarily emails of the employees of the various departments and personnel of MA

LABORATORIES that had been involved in them, including Human Resources, Payroll,

Accounting and Finance."). Thus, by email data, the Court refers to a method of record

keeping Ma Labs allegedly uses. By ordering Ma Labs to produce, the Court means for Ma

Labs to produce materials responsive to plaintiffs' discovery requests, whether the material

is stored on email or otherwise.

Ma Labs' current motion purports to seek "additional guidance" but in essence asks

the Court to reconsider its ruling. Notably, it reargues many of the burden arguments the

Court rejected. *See* Dkt. No. 75 at 6-11 ("[P]laintiffs' document requests are highly

subjective and do not lend themselves to objective criteria for appropriate email search

strings." "[S]uch searches overloaded Ma Labs' . . . archiver." "[A] single search for the

term "commission" across all 264 putative class member mailboxes took 15.5 hours and

generated 134,020 emails . . . ." "[I]t will cost in the range of $65,142 - $130,482 simply to

load the . . . archive data[,]" and "additional monthly hosting charges [are] in the range of

$5,280 to $11,880."). Ma Labs has not presented new facts or a change in the law. It has

not asked for leave to file a motion to reconsider. Furthermore, Ma Labs had the

opportunity to meet with plaintiffs' counsel to propose alternatives—such as conducting a

sample search first and jointly selecting search terms—that it proposes now. Ma Labs has

actively resisted participating in the discovery process and now wants a do-over. The

Court, however, already ruled on plaintiffs' motion to compel. Dkt. No. 67. Ma Labs has

failed to meet its burden under Rule 60 and Civil Local Rule 7-9. Accordingly, the Court

DENIES its motion to the extent that Ma Labs moves for reconsideration.

Any party may object within fourteen days of this order. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: April 15, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-05409 WHA (NC)
ORDER DENYING MA LABS'
MOTION FOR RECONSIDERATION

3