IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE LOU, et al.,

    Plaintiffs,

  v.

MA LABORATORIES, INC., et al.,

    Defendants.

No. C 12-05409 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES**

### INTRODUCTION

In this FLSA and California labor action, plaintiffs move for leave to file a second amended complaint and to strike several of defendants' affirmative defenses. For the reasons stated below, the motion for leave to file a second amended complaint is **DENIED**. The motion to strike is **GRANTED IN PART AND DENIED IN PART**.

### STATEMENT

The facts of this putative class action have been set out in prior orders and need not be repeated in detail here (Dkt. Nos. 140, 143, 206). In brief, plaintiffs are former employees of Ma Laboratories, Inc., a California-based distributor of computer systems and components. Defendants are Ma Labs and three of its employees. Plaintiffs allege that defendants engaged in a systematic, company-wide practice to deny overtime compensation and other wage-and-hour protections to employees who were allegedly entitled to them in violation of the FLSA, the California Labor Code, and California Business and Professions Code Section 17200.

A prior order granted plaintiffs' motion for leave to file a first amended complaint (Dkt. No. 206). Plaintiffs now move to strike several affirmative defenses in defendants' answer to the first amended complaint. Plaintiffs also simultaneously request leave to file a second amended complaint (Dkt. Nos. 228, 230).

**ANALYSIS**

**1.  MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.**

The deadline for pleading amendments under the case management scheduling order expired on July 11, many months ago. Thus, plaintiffs' motion for leave to file a second amended complaint falls under Rule 16(b)(4), which stipulates that after the amendment deadline passes, a scheduling order may be modified only for good cause. This order concludes that good cause to amend is lacking.

The proposed amended complaint would add a thirteenth claim for relief seeking civil penalties under California's Private Attorney General Act (PAGA). Plaintiffs argue that they have been diligent in pursuing their PAGA claim using the following reasoning. Due to defendants' stonewalling and failed motions to compel arbitration, plaintiffs did not receive a list of potential class members until mid-April. Defendants then sought an injunction in a state court action in May to prevent plaintiffs' counsel from contacting potential class members, which delayed counsel's access to Mr. Simon Nim. In July, plaintiffs moved for leave to add Mr. Nim as a named plaintiff in their first amended complaint and began the process of exhausting their administrative remedies under PAGA. Their administrative remedies were exhausted in August, and plaintiffs filed the instant motion for leave to file their second amended complaint in September.

Plaintiffs' depiction of their diligence is plausible and linear but nonetheless is not compelling. Although defendants have engaged in a pattern of delaying discovery in this action, plaintiffs nevertheless fail to explain why they were unable to begin the process of exhausting their administrative remedies in June or early July — *i.e.*, in advance of the deadline to amend in the case management scheduling order.

2

Defendants contend that they would be prejudiced by the amended pleading because it would "delay class certification yet again" (Opp. 7). This objection cannot be taken seriously given that defendants have recently moved for an extension of the class certification deadlines (Dkt. No. 265-4).

A more important consideration is the effect plaintiffs' motion would have on the orderly and timely progress of this action. The original deadline for class certification was June 6 (Dkt. No. 29). That deadline has been extended more than once and a recent order held that "no further extensions will be granted" (Dkt. No. 264). Plaintiffs' motion for class certification based on the first amended complaint is now pending (Dkt. No. 272). Allowing the proposed amendment would require either scrapping existing work on class certification and delaying it yet again, or else require an unwieldy bifurcation of the class certification phase. Moreover, plaintiffs' proposed PAGA claim would insert additional defenses and legal issues into this already-complex action, and would likely require additional discovery.

In short, allowing the amendment would impose substantial burdens on this action which, on the present record, are not justified. It is too late to tack a PAGA claim onto this action. The motion for leave to amend is **DENIED**.

### 2. MOTION TO STRIKE AFFIRMATIVE DEFENSES.

#### A. Legal Standard.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). Our court of appeals has not yet addressed whether the *Iqbal* and *Twombly* standard applies to affirmative defenses. "Within this district, however, there is widespread agreement that they do." *PageMelding, Inc. v. ESPN, Inc.*, No. 11–6263, 2012 WL 3877686, at *1 (N.D. Cal. Sept. 6, 2012) (collecting cases).

A plaintiff's complaint must contain sufficient factual matter that, if accepted as true, states a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ibid.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, after applying the same *Iqbal* and *Twombly* standard to affirmative defenses, if a defendant pleaded "affirmative

defenses [which] include only conclusory allegations, without providing any information about the grounds upon which the defenses rest, it has insufficiently [pleaded] these defenses." *Powertech Tech., Inc. v. Tessara, Inc.*, No. 10–0945, 2012 WL 1746848 at *5 (N.D. Cal. May 16, 2012) (Judge Claudia Wilken).

### B. Second Affirmative Defense — Venue.

Two prior orders held that arbitration clauses in plaintiffs' employment agreements were unenforceable (Dkt. Nos. 140, 143). The agreements also contained conditional venue clauses stating that if the arbitration clauses were held unenforceable, then venue would be limited to state court. These conditional venue provisions form the basis of defendants' second affirmative defense for lack of venue. Plaintiffs argue that defendants waived this affirmative defense by not raising it at the motion to dismiss stage. This order agrees with plaintiffs.

Rule 12(b) states that a motion asserting a defense of improper venue "*must* be made before pleading if a responsive pleading is allowed" (emphasis added). Defendants contend that because the arbitration clause had not been invalidated at the time of their motion to dismiss, the condition precedent had not occurred, and they did not have a defense for improper venue before their responsive pleading was due. Put differently, defendants believe they can circumvent the express requirements of the Federal Rules by using conditional clauses in contracts. They cite no authority in support of this proposition, nor do they advance any reason why they should be permitted to assert a venue defense midway through the litigation.

Defendants should have raised their venue defense at the motion to dismiss stage. By failing to do so, defendants waived it. Defendants' second affirmative defense is accordingly **STRICKEN**.

### C. Fourth Affirmative Defense — Payment.

Plaintiffs argue that defendants' "payment" affirmative defense amounts to nothing more than a conclusory denial of plaintiffs' claims for unpaid wages. Defendants, citing Rule 8(c), respond that payment is a proper affirmative defense. Defendants' argument misses the point. Defendants do not cite to any *facts* in their answer to the first amended complaint supporting the

4

affirmative defense. The defense is therefore inadequately pleaded under *Iqbal* and *Twombly* and shall accordingly be **STRICKEN**.

### D. Fifth Affirmative Defense — Proper Classification.

Defendants' fifth affirmative defense alleges that pursuant to "*Belo*" contracts between the defendants and their employees, the plaintiffs may not recover their overtime wages. (*Belo* contracts correspond to a limited exception to FLSA requirements to pay overtime wages. *See generally, Walling v. Belo Corp.*, 316 U.S. 624 (1942).) Plaintiffs argue that the alleged agreements do not qualify as *Belo* agreements because the defense "turn[s] on what [defendants'] Human Resources representatives told Sales Reps upon hire." In other words, plaintiffs are arguing that the facts alleged do not meet the legal standard for *Belo* agreements, as opposed to arguing that the classification affirmative defense is bereft of factual support. This goes to the merits of the defense, not to the adequacy of defendants' pleading. The motion to strike this affirmative defense is **DENIED**.

### E. Sixth Affirmative Defense — Damages Barred By Fault of Plaintiff.

Defendants' sixth affirmative defense is that any harm to plaintiffs is a "direct and proximate result of their own fault," and that to the extent that plaintiffs worked "overtime, or attended . . . to work duties during their lunch break, or skipped . . . rest breaks, such acts were . . . wholly voluntary" (Answer ¶¶ 402–03). Plaintiffs contend both that this affirmative defense is improper as a matter of law and that it is wholly conclusory. Defendants respond to the former contention, but not the latter, and do not identify any facts supporting the affirmative defense. Assuming without deciding that the defense is proper, this order finds that the defense is inadequately pleaded. The sixth affirmative defense is **STRICKEN**.

### F. Seventh Affirmative Defense — Waiver.

It is well-settled that a waiver defense cannot be asserted as to claims under the FLSA. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived"). Plaintiffs contend that as a matter of law this affirmative defense is likewise unavailable for plaintiffs' state law unfair competition claim (which is predicated on the California Labor Code claims). This order disagrees. "Equitable

5

defenses may not be asserted to wholly defeat a UCL claim since such claims arise out of unlawful conduct. It does not follow, however, that equitable considerations may not guide the court's discretion in fashioning the equitable remedies authorized by section 17203." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 179 (2000).

Plaintiffs also argue that this defense should be stricken as redundant because it relies on the same release provision in plaintiffs' employment agreements that undergirds defendants' ninth affirmative defense of release. Again, this order disagrees. As defendants point out, the terms "release" and "waiver" are not synonymous. Unlike a contractual release, a waiver need not involve a written agreement, and a waiver carries an additional knowledge component. *See* Black's Law Dictionary 1315–16, 1611 (8th ed. 2004). It is plausible that a more-developed record could support one defense and not the other.

The motion to strike this affirmative defense is **DENIED**.

### G. Eighth Affirmative Defense — Estoppel.

The foregoing waiver analysis likewise bars defendants from asserting an estoppel defense to plaintiffs' FLSA claims. As to the unfair competition claim, plaintiffs object that defendants' estoppel affirmative defense is inadequately pleaded. This order disagrees. The answer to the first amended complaint expressly sets out two bases for the estoppel affirmative defense: (1) the release provisions in the employee agreements; (2) plaintiff Lou's withdrawal of her individual wage claim during a prior proceeding before the California Labor Commissioner. Although plaintiffs contend that defendants' allegations are "misleading" and cannot apply to all class members, these objections are not sufficient to strike the defense in its entirety.

The motion to strike the estoppel affirmative defense is **DENIED**.

### H. Tenth Affirmative Defense — Unclean Hands.

Although defendants' tenth affirmative defense is inconsistent in its use of plurals, the unclean hands defense is reasonably interpreted as being asserted only against plaintiff Lou. Plaintiffs contend that the defense is unavailable as a matter of law, but cite no binding authority for that proposition. On the FLSA claim, neither side cites precedent from our court of appeals. Defendants, however, cite a fairly recent decision from this district that permitted an unclean

hands defense because it would be relevant to the remedies available under the FLSA. *Green v. City & County of San Francisco*, No. 06-6953, 2007 WL 521240, at *2 (N.D. Cal. Feb. 15, 2007) (Judge Susan Illston). On the unfair competition claim, under *Cortez* the defense remains potentially relevant on the issue of remedies, even though it may not be used to entirely defeat an unfair competition claim. Plaintiffs' citation of *Ticconi v. Blue Shield of California Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 548 (Cal. App. 2008), does not change the analysis. *Ticconi* did not disagree with *Cortez*. Rather, it applied *Cortez* in the class certification context and found that an unclean hands defense could not stand in the way of certification.

Plaintiffs' contention that the unclean hands defense is inadequately pleaded is unavailing. The answer to the first amended complaint bases this affirmative defense on plaintiff Lou's alleged use of company time for running her personal business. This factual allegation is sufficient to put plaintiffs on notice of the grounds for the defense.

The motion to strike this affirmative defense is **DENIED**.

### I. Eleventh Affirmative Defense — Offsetting Claims.

Earlier in this action, defendants filed counterclaims for breach of contract and conversion based on plaintiff Lou's alleged misappropriation of confidential and proprietary documents from defendants. A prior order dismissed these counterclaims for lack of jurisdiction (Dkt. No. 206). In their answer to the first amended complaint, defendants nevertheless purport to use the dismissed counterclaims as the basis for an affirmative defense. Defendants "reserve the right" to re-file the counterclaims in state court. Defendants then allege that "if Ma Labs re-files the Counter-Complaint in state court, Plaintiffs' claims for damages must be offset by the value of monies owed to Ma Labs under the Counter-Complaint" (Answer ¶¶ 427–30).

Assuming without deciding that an offset affirmative defense would be available in this action (a point disputed by the parties), this order concludes that it is inadequately pleaded. The dismissed "counter-complaint" is a nullity. The claims therein were (and are) entirely hypothetical as of the date defendants filed their answer. Because no claims have been filed, and because it is not clear from the answer what claims (if any) defendants will file in state court,

this order finds that the offsetting claims affirmative defense fails to set out sufficient facts under *Iqbal* and *Twombly*.

The offsetting claims affirmative defense is **STRICKEN**.

## CONCLUSION

To the extent stated above, the motion to strike affirmative defense is **GRANTED IN PART AND DENIED IN PART**. Because of the advanced progress of this action, defendants will not be permitted an opportunity to amend.

For the reasons stated above, plaintiffs' motion for leave to file a second amended complaint is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 17, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE