IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE LOU, MARSHA BEER, SIMON NIM, and JESUAN RUIZ RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MA LABORATORIES, INC., ABRAHAM MA, and CHRISTINE RAO,<br><br>Defendants.<br>_____/ | No. C 12-05409 WHA<br><br>**ORDER REGARDING CONSENT-TO-JOIN PARTIES AND PLAINTIFF'S MOTION FOR COURT APPROVAL OF ACCEPTED SETTLEMENT** |

This order addresses the operative effect in an FLSA action of a consent-to-join forms executed and filed on behalf of co-workers of the named plaintiffs.

**STATEMENT**

In October 2012, plaintiff Michelle Lou filed a putative FLSA collective action and Rule 23 class action complaint against Ma Laboratories, Inc. and other defendants. She alleged wage-and-hour violations based on a company-wide practice to deny overtime compensation and other wage-and-hour protections to sales employees. In February 2013, Xueou Feng filed a "consent to join form," indicating consent to join and sue in this action and choosing to be represented by plaintiff's counsel, the firm of Sanford Heisler, LLP (Dkt. No. 41). In April 2013, Chia Chi Yi, Bertha De La Madrid Nickel, Jesuan Ruiz Rodriguez, and Emi Shigemitsu filed consent-to-join forms (Dkt. Nos. 114, 117-1). In July 2013, Simon Nim and Marsha Beer filed consent-to-join forms (Dkt. No. 117-1). These remain operative and under the FLSA, these seven individuals became party-plaintiffs.

1. An August 2013 order, among other things, granted leave to file a first amended complaint and modified the case schedule due to defendants' repeated stonewalling in discovery (Dkt. No. 206). Roger Sermone and SsuChia Chen then filed consent-to-join forms (Dkt. Nos. 209-1, 226-1).

The first amended complaint was filed and it called out four named plaintiffs Michelle Lou, Marsha Beer, Simon Nim, and Jesuan Ruiz Rodriguez (Dkt. No. 193-1). Six others had joined the action along the way: Xueou Feng, Chia Chi Yi, Bertha De La Madrid Nickel, Emi Shigemitsu, Roger Sermone, and SsuChia Chen. They, as permitted by the FLSA, joined before plaintiffs moved for (or the Court considered) certification. All ten individuals were then party-plaintiffs, four named (as putative class representatives) and six joined individually in the FLSA claim.

Each consent-to-join form read as follows:

**CONSENT TO JOIN FORM**

**Consent to sue under the Fair Labor Standards Act (FLSA)**

> I worked at Ma Laboratories, Inc. from [date until date] in the position of inside sales representative with a tittle of Account Manager.
>
> I worked overtime for which I was not paid.
>
> I consent to join the FLSA collective action titled *Michelle Lou v. Ma Laboratories, et al* (N.D. Cal.), to recover unpaid overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).
>
> I choose to be represented in this matter by the counsel (Sanford Heisler, LLP) in this action.

Each was signed and dated by the respective opt-in.

From October 2013 to December 2013, the parties litigated motions (i) for FLSA collective action, (ii) for Rule 23 class certification, (iii) to disqualify class representatives, (iv) to disqualify class counsel, (v) for equitable tolling and corrective notice, and (vi) to exclude plaintiff's expert report (Dkt. Nos. 272–74, 284–86, 295–96, 299, 301, 304, 307, 309, 311–43, 346–48, 350, 351, 352–56, 358–66, 368–75, 378, 379, 382, 385–88, 397, 400, 411–14). After considering the voluminous papers, hearing oral arguments on December 5 and 6, and

2

considering supplemental submissions, a January 2014 omnibus order denied plaintiffs' motion for FLSA and class certification. Due to a professional conflict by counsel for plaintiffs, a deadline was set to substitute replacement counsel to proceed further with notice for the FLSA collective action; however, plaintiffs' individual claims could proceed with existing counsel (Dkt. No. 420). The deadline elapsed and no replacement counsel entered the case (Valerian Decl. ¶ 4).

On February 4, counsel allegedly reached a settlement in principle with the four named plaintiffs (Dkt. No. 432). According to defense counsel, "each of the named Plaintiffs put his or her informed consent to the settlement on the record" during the settlement conference before Magistrate Judge Jacqueline Corley (Opp. at 2, Long Decl. ¶ 15). No settlement was reached as to the six opt-ins.

In light of the upcoming trial schedule, the parties were reminded at least three times that all deadlines remained in place until the proper procedures under FRCP 41 were followed (Dkt. No. 434, 436).

On February 27, the parties appeared for a status conference. Contrary to the parties' representation that they were "within words, mere words" of having a final settlement, it became clear that defendants were taking the unreasonable position that they could flatly ignore the six opt-in plaintiffs who had joined many months before plaintiffs moved for certification (Feb. 27, 2014 Hr'g. Tr. 3:10–12, 5:23–6:1, 7:16–25). Defense counsel brazenly stated: "They are *in* the case, but they are not *named* plaintiffs, your Honor" (*id*. at 7:24–25) (emphasis). In defendants' most recent papers, they argued that "any remaining Opt-ins must be dismissed without prejudice" (Opp. 1).

In defendants' view, every time an individual filed a consent-to-join form, plaintiffs needed to seek leave to amend the complaint to add piecemeal the individual as a *named* plaintiff; otherwise, those opt-in plaintiffs are not entitled to prosecute their claims on the merits or participate in settlement negotiations. Defendants' support for this unreasonable position comes from isolated examples of district court decisions dismissing without prejudice opt-in plaintiffs and tolling the applicable statute of limitations. *See, e.g.*, *Beauperthuy v. 24 Hour Fitness USA,*

3

*Inc.*, 772 F. Supp. 2d 1111, 1135 (N.D. Cal. 2011) (Judge Samuel Conti). Those decisions in no way *require* dismissal of opt-in plaintiffs who desire to proceed.

Defendants further contend that plaintiffs are somehow in breach of the settlement agreement by failing to promptly dismiss the *entire* action (and disclosing "confidential" settlement terms to the Court), even though the settlement only covers four of the ten plaintiffs (Valerian Decl. ¶¶ 5, 8, 9, 14, 16, Opp. 1, 8). Plaintiffs respond that "no settlement has been finalized" because defendants unilaterally executed the agreement, sent checks (not yet cashed), and the Court has not approved the individual settlements.

On March 14, the parties appeared for a hearing after plaintiffs filed a "motion for order temporarily enjoining enforcement of non-final settlement agreement" to be heard on an expedited basis. Plaintiffs seek:

> a temporary injunction against enforcement of a tentative settlement of the Named Plaintiffs' claims until a joint motion for approval of a settlement is heard, and the settlement of the Named Plaintiffs' claims is approved

(Br. 9).

## ANALYSIS

Even though the Court refused to allow the named plaintiffs and this counsel to proceed further with a collective action under the FLSA, this order holds that the six individuals who earlier opted in via consent-to-join forms became, as of the moment of those filings, parties to the FLSA claim regardless of whether or not they were ever named plaintiffs. The named plaintiffs were named in their capacity as proposed representatives and to assert state-law claims as well. Even though the six were not proposed representatives, the six opt-ins were and remain parties to the FLSA claim (and only the FLSA claim).

Section 216(b) of the Fair Labor Standards Act states in relevant part (emphasis added):

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or

4

themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.* The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and *the right of any employee to become a party plaintiff to any such action*, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

Section 256 of Title 29 of the United States Code states (emphasis added):

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, *shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action* instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant —
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) *if such written consent was not so filed or if his name did not so appear — on the subsequent date on which such written consent is filed in the court in which the action was commenced.*

On FLSA collective actions, the Supreme Court has stated:

> Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of *joining multiple parties* in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure . . . . the court has a managerial responsibility to oversee the *joinder of additional parties* to assure that the task is accomplished in an efficient and proper way.

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–71 (1989) (emphasis added). Employees become "parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, — U.S. —, 133 S. Ct. 1523, 1530, 1532 (2013).

5

From the foregoing, it is clear that co-workers can unilaterally join a FLSA claim, at least as long as they do so in a timely manner, with their own counsel or by consenting to have counsel for the named plaintiffs represent them. Such opt-ins must be treated as plaintiff-intervenors. These six filed timely consent-to-join forms and thus became party-plaintiffs in the case. They were entitled to do so before the issue of FLSA certification was litigated.

In their motion, plaintiffs request, pursuant to FRCP 65, that the Court temporarily enjoin and supervise the settlements, even though no collective action (or classes) were certified and were in fact denied. Plaintiffs argue that it would be unjust to allow defendants to pick off the named plaintiffs and there is a public interest in wage-claim settlements.[*] No decision from our court of appeals requires that our district courts vet individual FLSA settlements.

The undersigned judge will not intrude on the parties' settlements. *First*, settlement negotiations have been and continue to be supervised by Magistrate Judge Jacqueline Corley. *Second*, the individual plaintiffs herein are represented by counsel. Counsel are best situated to understand and determine each individual client's interests. There is no class. *Third*, there is nothing to review for the parties have not filed any motion for review of any settlement term(s) or even provided the Court with a copy of the settlement. Counsel are reminded of their fiduciary duties to each client.

\*          \*          \*

---

[*] How such pick offs could have occurred with plaintiffs counsel right there in the mediation room safeguarding their interests is a mystery. The Eleventh Circuit and some district courts, however, have stated that back-wage claims arising from the FLSA can be settled or compromised in two ways: the Secretary of Labor supervises payment of unpaid wages or, in a district court action, wherein the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). This is because the FLSA was enacted to protect workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas–Best Freight System*, 450 U.S. 728, 739–40 (1981). In some actions it has thus been appropriate to vet the fairness and reasonableness of individual FLSA settlements. *See, e.g.*, *Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2014 WL 457742, at \*2 (N.D. Cal. Jan. 31, 2014) (Magistrate Judge Cousins); *McKeen-Chaplin v. Franklin Am. Mortgage Co.*, No. 4:10-cv-05243-SBA, 2012 WL 6629608, at \*2–5 (N.D. Cal. Dec. 19, 2012) (Judge Saundra Brown Armstrong).

Accordingly, after a hearing and briefing, this order rules as follows:

1. All existing deadlines, including the jury trial on April 21, shall proceed as scheduled. Counsel have been so reminded numerous times and the Court now fully expects to proceed to trial on the merits. Counsel have no reasonable basis for believing they can blow off deadlines in light of any alleged "settlement in principle." Until a proper dismissal is filed, no settlement will be recognized (Dkt. Nos. 29 at ¶ 15, 409).

2. The plaintiffs in this action set for trial are:

>
> *Marsha Beer*
>
> SsuChia Chen
>
> Xueou Feng
>
> *Michelle Lou*
>
> Bertha De La Madrid Nickel
>
> *Simon Nim*
>
> *Jesuan Ruiz Rodriguez*
>
> Roger Sermone
>
> Emi Shigemitsu
>
> Chia Chi Yi

Denoted in italics are the individuals with alleged settlements. Nonetheless, they too shall go to trial unless and until their claims are dismissed. If the defense intends to assert release and/or accord and satisfaction as a defense, this order gives the defense until **NOON ON MARCH 18** to file an amended answer (with a redline) limited to said defense. Both sides may then have **THREE CALENDAR DAYS** to update their initial and trial disclosures as to this issue.

3. Defendants have not shown that plaintiffs' counsel have a conflict between the named plaintiffs and the opt-in plaintiffs based on an interest in attorney's fees.

4. Plaintiffs' motion for a preliminary injunction temporarily enjoining enforcement of what they call the "non-final" settlement agreement is **DENIED**. Plaintiffs, however, ought to be aware that they may be liable for more than just costs if the jury sustains the defense of accord and satisfaction (or release), among other things.

7

5. Defendants contend that three of the opt-in plaintiffs (SsuChia Chen, Roger Sermone, and Chia Chi Yi) were time-barred when they filed their consent-to-join forms (Long Decl. ¶ 48). The defense is hereby allowed to amend their answer to assert this (and only this) defense by **NOON ON MARCH 18**. Both sides will have three calendar days thereafter to update their initial and trial disclosures as to this defense.

6. All six opt-ins shall hereby be deemed to have been disclosed as potential trial witnesses by both sides. Both sides shall have up to **THREE CALENDAR DAYS** before the final pretrial conference to produce copies of any and all documents bearing on their claims and defenses they intend to introduce as evidence at trial and their initial disclosures shall be deemed timely and updated to that extent. This pertains only to the six opt-ins as well as any newly added defenses set forth above. No further depositions shall be taken.

7. Plaintiffs' counsel are ordered to meet with each opt-in and make sure he or she actually stands by the consent-to-join form and wishes to go to trial. Since each is a party-plaintiff and the answer has been filed, their claims can no longer be unilaterally voluntarily dismissed. If any wishes to dismiss at the plaintiff's request only, a motion to do so must be made and it may wind up being with prejudice, depending on the usual FRCP 41 factors.

8. Any motion to continue the trial must be timely made and properly supported and will be heard at the final pre-trial conference.

**IT IS SO ORDERED.**

Dated: March 14, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8